IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Cr. No. 05-00206 JMS-02 |
| Plaintiff, | ) DECLARATION OF COUNSEL |
| vs. | ) |
| ERIC CASTRO (02), | ) |
| Defendant. | ) |

**DECLARATION OF COUNSEL**

I, DONNA M. GRAY, hereby declare as follows:

1. That I am counsel for defendant, Eric Castro, having been appointed pursuant to the Criminal Justice Act.

2. That on July 27, 2005, this Court held a hearing on Mr. Castro's Motion to Reconsider Release on Bond.

3. That at that hearing this Court found that Mr. Castro was not a flight risk, but that due to the nature of the offense charged, as well as the claims made by the government, this Court found that Mr. Castro presented a danger to the community, but that release conditions could be fashioned to address that issue.

5. That this Court ordered Mr. Castro to be released on a $500,000 property bond secured by the equity in his own home, the residence of his mother-in-law and father-in-law, the residence of his parents and also a rental property owned by his parents.

6. That Mr. Castro, a California resident, was allowed to return to California, but was ordered to reside with his parents, Jorge and Velma Castro, acting as Third-Party Custodians.

7. That Mr. Castro was placed on home detention with electronic monitoring, but was allowed to maintain employment. Mr. Castro was also ordered to submit to alcohol and drug testing.

8. That Mr. Castro has been under pretrial supervision now for almost nine months and has proven himself to be in full compliance with the terms of his supervision.

9. That Mr. Castro's in-laws, Ronald L'Ecuyer and Mary Ann L'Ecuyer, and his parents, Jorge and Velma Castro, would now like to have the ability to use the equity in their homes to obtain equity loans and other refinancing options.

10. That Mr. Castro respectfully requests that these two properties now be removed from the release bond and the amount of the bond be reduced to reflect the amount of equity in the two remaining properties: 1) Mr. Castro's

residence, owned by him and his wife Susie Castro, and 2) a rental property owned by his father, Jorge Castro.

      11.    That the remaining amount of equity in the two aforementioned properties would total approximately $ 206,000.

      12.    That it is further respectfully requested that the home detention condition be amended to curfew electronic monitoring at the direction and the discretion of pretrial services.

      13.    That the facts and statements set forth in the foregoing document are true and correct to the best of my knowledge and belief.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

DATED: Honolulu, Hawaii, May 10, 2006.

        /s/ Donna M. Gray
      DONNA M. GRAY
      Attorney for Defendant
      ERIC CASTRO