IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ERIC CASTRO,<br><br>Defendant. | CR. NO. 05-00206 (02) JMS<br><br>ORDER DENYING DEFENDANT'S EMERGENCY MOTION FOR SENTENCE MODIFICATION UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE), ECF NO. 253 |

**ORDER DENYING DEFENDANT'S EMERGENCY MOTION FOR SENTENCE MODIFICATION UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE), ECF NO. 253**

## I. INTRODUCTION

Defendant Eric Castro ("Defendant") moves for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A), from Federal Correctional Institution ("FCI") Terminal Island due to the COVID-19 pandemic. ECF No. 253. The court decides the motion without a hearing under Local Rule 7.1(c). Based on the following, the motion is DENIED.

## II. BACKGROUND

On May 26, 2005, the grand jury returned an Indictment charging Defendant with drug trafficking. ECF No. 21. On July 25, 2006, Defendant absconded from supervision, and on April 4, 2014, was arrested on a bail violator's

1

warrant.  Presentence Investigation Report ("PSR") at 1 & ¶ 6, ECF No. 244 at PageID #845, 850.  On September 5, 2014, Defendant pled guilty to Count I of the Indictment charging conspiracy to possess with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).  ECF Nos. 21, 231, 232, 233.  On February 5, 2015, this court sentenced Defendant to a term of 120 months imprisonment, and five years of supervised release.  ECF No. 243.

On May 19, 2020, Defendant, proceeding pro se, filed an emergency motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) seeking modification of his sentence to "time served."  ECF No. 253.  On May 20, 2020, counsel from the Office of the Federal Public Defender entered an appearance on behalf of Defendant, ECF No. 254, and on May 26, 2020, Defendant's counsel filed a Supplemental Memorandum seeking conversion of Defendant's remaining term of incarceration to home confinement, ECF No. 258 at PageID #975.  On June 11, 2020, the United States filed its Response, ECF No. 260, and on June 15, 2020, Defendant filed a Reply, ECF No. 261.  On June 22, 2020, Defendant filed a Supplement.  ECF No. 262.

Defendant alleges that more than 66% of inmates at FCI Terminal Island have tested positive for COVID-19, eight inmates have died from the virus, and he cannot practice social distancing in the facility.  ECF No. 258 at PageID

#992-93.  These basic allegations cannot be disputed.  *See, e.g.*, *United States v. Fischman*, 2020 WL 2097615, at *2 (N.D. Cal. May 1, 2020) ("As of [May 1, 2020] . . . there have been 615 confirmed cases of COVID-19 out of a population of 1,051 total inmates [at FCI Terminal Island].").[1]  Defendant contends that he fits the criteria for release because (1) he is a "[n]on-violent, low-risk, model inmate[] with relatively short time left" on his sentence, (2) the "uncontained" COVID-19 outbreak poses "grave risks to [Defendant's] health," (3) he "presents a low risk of recidivism and danger," and (4) he has a "well-developed release plan."  ECF No. 258 at PageID #984, 988, 994, 997.

      Defendant is currently 40 years old, *see* https://www.bop.gov/inmateloc/ (last visited June 26, 2020), is due to be released on July 17, 2021, *id.*, and does not allege that he has any medical condition placing him at higher risk of serious complications from COVID-19.  According to Defendant, on April 8, 2020, he submitted an "Inmate Request to Staff" asking for compassionate release.  *See* Ex. G, ECF No. 262-1.  And on April 16, 2020, Defendant's wife submitted a request for home confinement (not compassionate release) on his behalf to the FCI

---

[1] According to the Bureau of Prisons' ("BOP") COVID-19 resource page, as of June 26, 2020, FCI Terminal Island reported 6 inmates and 3 staff with "confirmed positive" COVID-19 cases, 675 inmates and 15 staff that have "recovered," and 10 inmates and no staff that have died from the virus.  *See* https://www.bop.gov/coronavirus/ (last visited June 26, 2020).  FCI Terminal Island presently houses 977 inmates.  *See* https://www.bop.gov/locations/institutions/trm/ (last visited June 26, 2020).

Terminal Island warden. *See* Ex. B, ECF No. 258-2. Defendant does not appear to have received a response to either of these requests.

### III. DISCUSSION

Defendant moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018,[2] which provides in pertinent part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that—
>
>     (i) extraordinary and compelling reasons warrant such a reduction;
> . . . .
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

**A.     Exhaustion**

Based on the BOP's apparent failure to respond to Defendant's April 8, 2020 "Inmate Request to Staff," Ex. G., ECF No. 262-1, Defendant appears to

---

[2] Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).

have met the exhaustion requirement.³ *See* ECF No. 262 at PageID #1105 ("Mr. Castro says that he submitted [his] request [ECF No. 262-1] to the Warden Ponce at FCI Terminal Island on or about April 8, 2020."). Thus, the court turns to addressing the merits of Defendant's motion.

**B.     Defendant Does Not Meet the Criteria for Compassionate Release**

The United States Sentencing Commission's policy statement, United States Sentencing Guideline ("USSG") § 1B1.13, provides that the court may grant a motion for compassionate release only if, after consideration of the applicable § 3553(a) factors, the court determines that extraordinary and compelling reasons exist to warrant a sentence reduction, the defendant is not a danger to another person or to the community, and a sentence reduction is consistent with the policy statement. Given this framework, the court first addresses the § 3553(a) factors and then whether there are extraordinary and compelling reasons for sentence reduction.

///

///

---

³ Defendant's motion argues that the court should waive exhaustion based on the BOP's failure to respond to the April 16, 2020 request for home confinement. *See* ECF No. 258 at PageID #975-79. The court disagrees. In a detailed analysis, this court recently determined that exhaustion of administrative remedies is mandatory before the court may consider a request for compassionate release. *See United States v. Drummondo-Farias*, __F. Supp. 3d __, 2020 WL 2616119, at *4 (D. Haw. May 19, 2020).

### 1.     *Applicable Section 3553(a) Factors*

First, as to the "history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), Defendant absconded from pretrial release and was a fugitive from justice for eight years before he was arrested pursuant to a bail violator's warrant.  *See* PSR ¶ 6, ECF No. 244 at PageID #850.  Because of this, Defendant received a two-level Guideline upward adjustment for obstruction of justice.  PSR ¶ 55, ECF No. 244 at PageID #859.

The court also recognizes, however, that Defendant has embraced opportunities in prison to improve himself and rehabilitate by completing education and drug programs, demonstrated exemplary behavior while incarcerated, rebuilt his relationship with his family, and has only one year left on his sentence.  *See* ECF No. 258 at PageID #995; *see also* https://www.bop.gov/inmateloc/ (last visited June 26, 2020) (indicating release date).  In addition, during the time he was a fugitive, Defendant was gainfully employed, addressed his substance abuse issues, and contributed positively to his community.  *See* ECF No. 258 at PageID #995.  And Defendant has only one prior conviction—for possession of stolen property when he was 17 years old.  *Id.*

Second, as to "the nature and circumstances of the offense," 18 U.S.C. § 3553(a)(1), Defendant was a significant methamphetamine dealer—he admitted to supplying over 70.5 pounds of methamphetamine to his co-defendants.  *See* PSR

¶ 42, ECF No. 244 at PageID #857.  Defendant also admitted that "he was the source of supply for the 3,364.8 grams of d-methamphetamine HCI (98% purity) seized from [a co-defendant's] property."  PSR ¶ 43, ECF No. 244 at PageID #857.

### 2. *Extraordinary and Compelling Reasons Do Not Exist*

Having considered the applicable § 3553(a) factors, the court now determines whether there are extraordinary and compelling reasons for compassionate release.

Section 1B1.13 provides three specific examples of extraordinary and compelling reasons for compassionate release—the defendant's terminal medical condition, deterioration of health due to advanced age, and extenuating family circumstances—along with a fourth, catch-all provision granting discretion to the BOP Director to determine whether other extraordinary and compelling reasons exist.  USSG § 1B1.13 n.1(A)-(D).  In a detailed analysis, this court has determined that the "discretion to determine whether 'other' extraordinary and compelling reasons exist granted by [USSG § 1B1.13 n.1(D)] to the BOP Director applies equally to the court when ruling on motions for compassionate release."  *United States v. Hernandez*, 2020 WL 3453839, at *4 (D. Haw. June 24, 2020).  The court incorporates that analysis here.

Defendant appears to contend that the COVID-19 pandemic alone constitutes an extraordinary and compelling reason for release.  *See* ECF No. 258

at PageID #982-93.  The court disagrees.  *See, e.g.*, *Drummondo-Farias*, __F. Supp. 3d at __, 2020 WL 2616119, at *5 ("Additionally, '[g]eneral concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement[.]'") (quoting *United State Everhart*, __F. Supp. 3d__, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020)).  As noted above, as of June 26, 2020, the COVID-19 outbreak at FCI Terminal Island is relatively contained, with only 6 inmates and 3 staff currently positive for COVID-19.  *See* https://www.bop.gov/coronavirus/ (last visited June 26, 2020).  Defendant confirms that he is housed in a section of the facility reserved for inmates that have tested negative for COVID-19.  *See* ECF No. 258 at PageID #974.  And Defendant appears to concede that he does not have any underlying medical condition placing him at higher risk for serious complications should he contract COVID-19.  *See id.* at PageID #991 (recognizing "[D]efendant's concerns about falling ill with [COVID-19], [even] in the absence of underlying medical conditions").

        In sum, considering the § 3553(a) factors, evidence that COVID-19 is currently relatively contained at FCI Terminal Island, and evidence that Defendant is not at higher risk of serious medical complications from COVID-19, the court finds that Defendant has not established the requisite extraordinary and compelling reasons to warrant compassionate release.  And because the court finds that

compassionate release is not warranted, it need not address whether Defendant would pose a danger to the community.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion for compassionate release, ECF No. 253, is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 26, 2020.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*United States v. Castro*, Crim. No. 05-00206 JMS (02), Order Denying Defendant's Emergency Motion for Sentence Modification Under the First Step Act (Compassionate Release), ECF No. 253